## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

EDWARD A. PHILLIPS, AS
LIQUIDATING TRUSTEE
FOR COMMAND ARMS ACCESSORIES, LLC
780 Haunted Lane
Bensalem PA  19020,

                                    Plaintiff,

        v.

ELDAD OZ
1208 Branagan Drive
Tullytown, PA  19007

ME TECHNOLOGY, INC. D/B/A
EMA TACTICAL
1208 Branagan Drive
Tullytown, PA  19007

        and

TACTICAL ARMS, LTD. D/B/A
CAA TACTICAL,
P.O. Box 15032
Ashdod 77521, Israel,

                       Defendants.

CIV. A. NO. 2:10-cv-00588-HB

## JOINT MOTION FOR ENTRY OF (1) STIPULATION AND ORDER REGARDING DEFENDANTS' CONDUCT AND (2) STIPULATION TO STAY PROCEEDINGS

The parties in the above-captioned case hereby jointly move the Court to enter the

following (1) Stipulation and Order Regarding Defendants' Conduct (signed copy attached) and

(2) Stipulation to Stay Proceedings (signed copy attached).

Respectfully submitted,

/s/Stephen J. Driscoll
Stephen J. Driscoll, Esquire
PA ID No. 71086
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
Telephone: 215-972-8562
Facsimile: 215-972-1835
Email: sdriscoll@saul.com

Counsel for Plaintiff
Edward A. Phillips,
as Liquidating Trustee for
Command Arms Accessories, LLC

Dated:  March 5, 2010

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

EDWARD A. PHILLIPS, AS :
LIQUIDATING TRUSTEE :
FOR COMMAND ARMS ACCESSORIES, LLC :
780 Haunted Lane :
Bensalem PA  19020, :
       Plaintiff, :
  v. :
        : CIV. A. NO. 2:10-cv-00588-HB
ELDAD OZ :
1208 Branagan Drive :
Tullytown, PA  19007 :
       :
ME TECHNOLOGY, INC. D/B/A :
EMA TACTICAL :
1208 Branagan Drive :
Tullytown, PA  19007 :
       :
  and :
       :
TACTICAL ARMS, LTD. D/B/A :
CAA TACTICAL, :
P.O. Box 15032 :
Ashdod 77521, Israel, :
       :
      Defendants. :

## STIPULATION AND CONSENT ORDER

AND NOW, this 4th day of March, 2010, Defendant Oz and  Defendant EMA, hereby

stipulate and agree, subject to entry of this Stipulation as an Order of the Court:

1. Defendant Oz and Defendant EMA shall not and shall not allow EMA's

employees or agents to:

  a. sell or distribute products bearing the trademark or logo of CAA in the U.S.

{01093734}

    b.  sell or distribute any products made using proprietary CAA molds (listed in Exhibit A).

    c.  alter or erase any CAA trademarks or logos on any products made using proprietary CAA molds (listed in Exhibit A)

2.    Defendant Oz and Defendant EMA shall not and shall not allow EMA's employees or agents to:

    a.  state or imply that Defendant EMA is the successor company to CAA;

    b.  make any statement to existing or potential customers of EMA or CAA regarding the disposition of CAA, its business, its molds, or its products ; except to  say that: "Due to differences between the CAA owners, the ongoing business of CAA will be sold along with its trademark and other assets by a court appointed trustee and the legal entity will be subsequently liquidated. However, EMA Tactical is entirely separate and distinct from CAA, is not affiliated with CAA, and is not a successor to CAA."

    c.  If asked any question about CAA, Defendant Oz and Defendant EMA shall, and shall instruct its employees and agents, to provide a copy of the flyer attached herewith as Exhibit B (herein "Flyer") if the inquiry is made in person, or send an email containing the text of the Flyer if the inquiry is made via email.

    d.  This provision shall not be construed as limiting Defendant Oz or Defendant EMA (or its employees or agents) from otherwise  stating the source of any product, mold, other  than CAA, or if applicable, the right to use a  specific trademark or logo obtained from CAA.

{01094218}

3.    Defendant Oz and Defendant EMA shall not and shall not allow  EMA's

employees or agents to use any proprietary customer list of CAA.  This provision

shall not be construed as precluding Defendant Oz and Defendant EMA (or its

employees or agents) from using information that is generally known or

accessible in the  marketplace or from personal  knowledge.

4.    Defendant Oz and Defendant EMA shall not and shall not allow EMA's

employees or agents to knowingly interfere with any existing purchase orders or

pending purchase orders of CAA.

5.    EMA agrees to have ample copies of the attached Flyer available at its booth at

every tradeshow in which it participates until the  liquidation  of CAA as

confirmed in writing by Trustee Phillips  or  the filing of  Trustee Phillips' final

report  with the Court  winding up the affairs of  CAA  or  by further  Order of

this Court, whichever  shall first occur.  Defendant EMA also agrees to hand a

copy of the Flyer to anyone who inquires about CAA at a tradeshow.

6.    Defendant EMA agrees to publish as soon as practicable a copy of the retraction

(Exhibit C) in any periodical in which  the ad  attached herewith as Exhibit D was

published, to the extent such retraction has not yet been run in said periodical.

7.    Defendants Oz and EMA agree to allow Trustee  Phillips under the attached

confidentiality agreement (Exhibit E) reasonable access at such time and place as

mutually  agreed to EMA's  books and records including those in possession of

Gary Savrin of Savrin Associates within two week of this stipulation.

{01094218}

8.      None of the provisions above shall be construed as limiting Defendant Oz or

Defendant EMA (or its employees or agents) from otherwise:  (1) stating the

source of any product, mold, or the right to use an applicable trademark or logo

obtained from CAA, or (2) distributing, marketing or selling the applicable

product, mold, or the right to use the applicable trademark or logo referred to

above if they were rightfully obtained from CAA  (or from another person that

lawfully acquired them from CAA and had the  right  to  convey  such  rights).

9.      Defendants agree that, in addition to being contempt of this order, any breach of

this stipulation will result in irreparable harm to CAA, and, accordingly, agree

that injunctive relief is appropriate.   Defendants also agree to pay the reasonable

legal fees and costs of the Liquidating Trustee of CAA in successfully obtaining

judicial redress for a breach of this stipulation and further agree that damages for

the sale of any product in violation of the covenants will be the loss of profit

based on CAA's historical margins for such products.

10.     Defendant EMA agrees that it will not employ Jay Portz  or otherwise use his

services in marketing product until he agrees  to be bound by this  by signing an

acceptance of  it.

11.     This Order  shall  terminate and  any obligations  required  pursuant to  its  terms

shall terminate  upon the liquidation of CAA as  confirmed in  writing  by Trustee

Phillips or the filing of Trustee Phillips' final  report  with the Court  winding up

{01094218}

the affairs of CAA or by further Order of this Court, whichever shall first

occur.


BY THE COURT:


_____ J.


STIPULATED AND AGREED TO:


_____
Eldad Oz for EMA

March 4, 2010
Date


_____
Eldad Oz

March 4, 2010
Date


{01094218}

Exhibit A

The CAA Molds

| Item # | Description |
|--------|-------------|
| CBS | Collapsible butt stock |
| SST1/2 | Saddle stock |
| MPS | Magazine holder for CBS |
| UFH | 5 position flashlight holder |
| SRS/ARS | Sniper stock |
| UPG16/47 | Rubberized pistol grip |
| MLU556/762 | Magazine loader/unloader |
| ML556 | Magazine loader |
| FGA | Flashlight grip holder |
| PRFCS | Side rail for Buttstock |
| MMC | Magazine dust cover |
| ACP | Adjustable cheek rest |

Exhibit B

**BY COURT ORDER**, EMA is required to make this Flyer available at tradeshows, and to hand it to anyone inquiring about CAA or CAA products.

Due to differences between the CAA owners, the ongoing business of CAA will be sold along with its trademark and other assets by a court appointed trustee and the legal entity will be subsequently liquidated.   However, EMA Tactical is entirely separate and distinct from CAA, is not affiliated with CAA, and is not a successor to CAA.  Accordingly, contrary to any statements that may have previously been made:

- EMA has not purchased CAA molds or any other rights to CAA products
- EMA is  not authorized  to  sell CAA products
- EMA is not authorized to assume existing purchase orders of CAA
- EMA  is  not authorized  to fill existing purchase orders that have been  placed with CAA

{01094218}

Exhibit C

On behalf of EMA Tactical, we want to address certain confusion that may have been caused by an advertisement that we, at EMA Tactical, recently placed in this publication. EMA Tactical is a company that is entirely separate and distinct from another company called Command Arms Accessories ("CAA"). EMA Tactical is not affiliated with CAA, and is not an authorized distributor of CAA products. Furthermore, EMA Tactical is not a successor in interest to CAA.

**Contact information for both parties is as follows:**



1208 Branagan Drive, Tullytown, PA 19007
T: 215-949-9944 • F: 215-949-9191
E: info@ematactical.com • www.ematactical.com

**Command Arms Accessories**
780 Haunted Lane, Bensalem, PA 19020
T: 267-803-1518 • F: 267-803-1002
E: info@commandarms.com • www.commandarms.com

{01094218}

Exhibit D



Exhibit E

[

Dated: 3/3/10

## NON-DISCLOSURE AGREEMENT

ME TECHNOLOGY, INC. D/B/A EMA TACTICAL, ELDAD OZ, and EMA/ELDAD OZ's Accountant, Gary Savrin of Savrin Associates (collectively "EMA") possess certain information related to sales and revenue of products sold by EMA, and EDWARD A. PHILLIPS, AS LIQUIDATING TRUSTEE FOR COMMAND ARMS ACCESSORIES, LLC ("Trustee") desires to analyze this information pursuant to the liquidation of Command Arms Accessories (CAA). Said information is proprietary to EMA and involves certain written information (including books and records) of a character regarded by EMA as confidential (hereinafter referred to as "Confidential Information").

Trustee agrees to receive such Confidential Information on the following terms and conditions:

1. Trustee shall use the same degree of care as it uses with its proprietary information of a like nature (but in no event less than a reasonable degree of care) to hold Confidential Information in confidence and shall not (a) disclose the same to others, or (b) use the same except for purposes of this Agreement, without the written consent of EMA for a period of five (5) years from the date of this Agreement. However, Trustee may disclose Confidential Information to associates and member of his firm, Amper Politziner & Mattia LLP, who have a need to know the same for purposes of this Agreement.

2. Confidential Information shall not include any information which Trustee can show:

   (a)   was in the public domain prior to disclosure to Trustee, or thereafter comes into the public domain without the fault or breach of any confidentiality obligation by Trustee; or

   (b)   was known by Trustee prior to disclosure as shown by competent evidence; or

   (c)   was disclosed to Trustee by a third party not in violation of any obligations of confidentiality to EMA and not prompted by the use of any Confidential Information.

3. Trustee agrees that all information shall remain the property of EMA. Trustee agrees to return all such Confidential Information to EMA, and all copies thereof, at the request of the EMA.

(01093734)

4.   Trustee is permitted to disclose Confidential Information if compelled by a court order or subpoena, providing that a protective order is in place.

5.   This Agreement and any counterpart original thereof may be executed and transmitted by facsimile and email.  The facsimile/electronic signature shall be valid and acceptable for all purposes as it if were an original.  This Agreement represents the entire agreement between the parties with respect to the subject matter hereof.  No modification to this Agreement shall be effective unless made in writing and signed by both parties. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to its conflicts of law principles.

IN WITNESS WHEREOF, the parties have caused the Agreement to be signed by their duly authorized representatives.

Date: 3/3/10

EDWARD A. PHILLIPS,
AS LIQUIDATING TRUSTEE FOR
COMMAND ARMS ACCESSORIES, LLC

{010937341}

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

EDWARD A. PHILLIPS, AS                    :
LIQUIDATING TRUSTEE                       :
FOR COMMAND ARMS ACCESSORIES, LLC         :
780 Haunted Lane                          :
Bensalem PA 19020,                        :
                            Plaintiff,    :
                                          :
            v.                            :
                                          :
                                          :   CIV. A. NO. 2:10-cv-00588-HB
ELDAD OZ                                  :
1208 Branagan Drive                       :
Tullytown, PA 19007                       :
                                          :
                                          :
ME TECHNOLOGY, INC. D/B/A                 :
EMA TACTICAL                              :
1208 Branagan Drive                       :
Tullytown, PA 19007                       :
                                          :
                                          :
            and                           :
                                          :
TACTICAL ARMS, LTD. D/B/A                 :
CAA TACTICAL,                             :
P.O. Box 15032                            :
Ashdod 77521, Israel,                     :
                                          :
                                          :
                          Defendants.     :

## STIPULATION

WHEREAS, Certain parties in this civil action have entered into a Stipulation and Consent Order addressing certain issues raised in the Complaint in this action.

WHEREAS, Some of the parties to this civil action are also involved in the liquidation of Command Arms Accessories, LLC ("Liquidation") and are jointly working on resolving issues related to the Liquidation.

WHEREAS, The parties are co-operating in attempting to resolve all remaining issues related to the Complaint and Liquidation and believe that these efforts to resolve all such issues will be materially advanced by staying this litigation for a reasonable time.

AND NOW, this 3rd day of March, 2010, Plaintiff Edward A. Phillips, as Liquidating Trustee for Command Arms Accessories, LLC, Defendants Eldad Oz, ME Technology, Inc. and Tactical

{JMD30478}

Arms, Ltd. hereby stipulate and agree, subject to entry of this Stipulation as an Order of the Court:

1. To a stay of all proceedings in this matter for ninety (90) days to enable the parties to try and resolve all claims in this matter.

2. The parties will notify the Court promptly if the parties are able to reach a settlement.

3. The stay shall not preclude any action, if necessary, to enforce the Consent Order.

_____
Stephen J. Driscoll, Attorney for
Edward A. Phillips,
as Liquidating Trustee for
Command Arms Accessories, LLC

3/3/2010
Date

_____
Eldad Oz

4/3/2010
Date

_____
Eldad Oz for
MB Technology, Inc.

4/3/2010
Date

_____
Moshe Oz for
Tactical Arms, Ltd.

4/3/2010
Date


BY THE COURT:


_____ J.

{JMD30478}