## UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

EDWARD A. PHILLIPS, AS                    :
LIQUIDATING TRUSTEE                       :
FOR COMMAND ARMS ACCESSORIES, LLC         :
780 Haunted Lane                          :
Bensalem PA  19020,                       :
                          Plaintiff,      :
                                          :
            v.                            :
                                          :  CIV. A. NO. 2:10-cv-00588-HB
ELDAD OZ                                  :
1208 Branagan Drive                       :
Tullytown, PA  19007                      :
                                          :
                                          :
ME TECHNOLOGY, INC. D/B/A                 :
EMA TACTICAL                              :
1208 Branagan Drive                       :
Tullytown, PA  19007                      :
                                          :
            and                           :
                                          :
TACTICAL ARMS, LTD. D/B/A                 :
CAA TACTICAL,                             :
P.O. Box 15032                            :
Ashdod 77521, Israel,                     :
                                          :
                          Defendants.     :

## JOINT MOTION FOR ENTRY OF ENTRY OF CONSENT AND ACKNOWLEDGMENT
### OF STIPULATION AND CONSENT ORDER

The parties in the above-captioned case hereby jointly move the Court to enter the

Consent and Acknowledgment of the Stipulation and Consent Order (signed copy attached).

1224334.1 3/12/10

Respectfully submitted,


/s/Stephen J. Driscoll
Stephen J. Driscoll, Esquire
PA ID No. 71086
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
Telephone: 215-972-8562
Facsimile: 215-972-1835
Email: sdriscoll@saul.com

Counsel for Plaintiff
Edward A. Phillips,
as Liquidating Trustee for
Command Arms Accessories, LLC

Dated:  March 12, 2010

EASTERN DISTRICT OF PENNSYLVANIA

EDWARD A. PHILLIPS, AS
LIQUIDATING TRUSTEE
FOR COMMAND ARMS ACCESSORIES, LLC
780 Haunted Lane
Bensalem PA 19020,

                          Plaintiff,

          v.                                           CIV. A. NO. 2:10-cv-00588-HB

ELDAD OZ
1208 Branagan Drive
Tullytown, PA 19007

ME TECHNOLOGY, INC. D/B/A
EMA TACTICAL
1208 Branagan Drive
Tullytown, PA 19007

          and

TACTICAL ARMS, LTD. D/B/A
CAA TACTICAL,
P.O. Box 15032
Ashdod 77521, Israel,

                          Defendants.

## CONSENT AND ACKNOWLEDGEMENT

WHEREAS, Defendants Eldad Oz and ME Technology, Inc. d/b/a EMA Tactical ("EMA Tactical") have entered into a Stipulation and Consent Order addressing certain issues raised in the Complaint in this action (Copy attached hereto as Exhibit A).

WHEREAS, Jay Portz is an employee of EMA Tactical, has received a copy of the Stipulation and Consent Order, and has consulted with his own counsel regarding the Stipulation and Consent Order.

AND NOW, this _8th_ day of _March_, 2010, Jay Portz, intending to be legally bound:

1.   Acknowledges receipt of the Stipulation and Consent Order attached hereto as Exhibit A.

[P00946561]

2.   Agrees to be abide by and be bound by the terms and conditions of the Stipulation and Consent Order.

_____                    _3/9/10_____
Jay Portz                                           Date

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

EDWARD A. PHILLIPS, AS
LIQUIDATING TRUSTEE
FOR COMMAND ARMS ACCESSORIES, LLC
780 Haunted Lane
Bensalem PA 19020,

                    Plaintiff,

      v.

ELDAD OZ
1208 Branagan Drive
Tullytown, PA 19007

ME TECHNOLOGY, INC. D/B/A
EMA TACTICAL
1208 Branagan Drive
Tullytown, PA 19007

     and

TACTICAL ARMS, LTD. D/B/A
CAA TACTICAL,
P.O. Box 15032
Ashdod 77521, Israel,

                  Defendants.

CIV. A. NO. 2:10-cv-00588-HB

DRAFT 2-21-10

## STIPULATION AND CONSENT ORDER

AND NOW, this _____8th_____ day of _____March_____, 2010, Defendant Oz and

Defendant EMA, hereby stipulate and agree, subject to entry of this Stipulation as an

Order of the Court:

1.     Defendant Oz and Defendant EMA shall not and shall not allow EMA's

       employees or agents to:

       a.  sell or distribute products bearing the trademark or logo of CAA in the U.S.

[01094218]

    b.   sell or distribute any products made using proprietary CAA molds (listed in Exhibit A).

    c.   alter or erase any CAA trademarks or logos on any products made using proprietary CAA molds (listed in Exhibit A)

2.    Defendant Oz and Defendant EMA shall not and shall not allow EMA's employees or agents to:

    a.   state or imply that Defendant EMA is the successor company to CAA;

    b.   make any statement to existing or potential customers of EMA or CAA regarding the disposition of CAA, its business, its molds, or its products ; except to say that: "Due to differences between the CAA owners, the ongoing business of CAA will be sold along with its trademark and other assets by a court appointed trustee and the legal entity will be subsequently liquidated. However, EMA Tactical is entirely separate and distinct from CAA, is not affiliated with CAA, and is not a successor to CAA."

    c.   If asked any question about CAA, Defendant Oz and Defendant EMA shall, and shall instruct its employees and agents, to provide a copy of the flyer attached herewith as Exhibit B (herein "Flyer") if the inquiry is made in person, or send an email containing the text of the Flyer if the inquiry is made via email.

    d.   This provision shall not be construed as limiting Defendant Oz or Defendant EMA (or its employees or agents) from otherwise stating the source of any product, mold, other than CAA, or if applicable, the right to use a specific trademark or logo obtained from CAA.

{01094218}

3.    Defendant Oz and Defendant EMA shall not and shall not allow EMA's employees or agents to use any proprietary customer list of CAA.  This provision shall not be construed as precluding Defendant Oz and Defendant EMA (or its employees or agents) from using information that is generally known or accessible in the marketplace or from personal knowledge.

4.    Defendant Oz and Defendant EMA shall not and shall not allow EMA's employees or agents to knowingly interfere with any existing purchase orders or pending purchase orders of CAA.

5.    EMA agrees to have ample copies of the attached Flyer available at its booth at every tradeshow in which it participates until the liquidation of CAA as confirmed in writing by Trustee Phillips or the filing of Trustee Phillips' final report with the Court winding up the affairs of CAA or by further Order of this Court, whichever shall first occur.  Defendant EMA also agrees to hand a copy of the Flyer to anyone who inquires about CAA at a tradeshow.

6.    Defendant EMA agrees to publish as soon as practicable a copy of the retraction (Exhibit C) in any periodical in which the ad attached herewith as Exhibit D was published, to the extent such retraction has not yet been run in said periodical.

7.    Defendants Oz and EMA agree to allow Trustee Phillips under the attached confidentiality agreement (Exhibit E) reasonable access at such time and place as mutually agreed to EMA's books and records including those in possession of Gary Savrin of Savrin Associates within two week of this stipulation.

{01094218}



8.   None of the provisions above shall be construed as limiting Defendant Oz or Defendant EMA (or its employees or agents) from otherwise:  (1) stating the source of any product, mold, or the right to use an applicable trademark or logo obtained from CAA, or (2) distributing, marketing or selling the applicable product, mold, or the right to use the applicable trademark or logo referred to above if they were rightfully obtained from CAA  (or from another person that lawfully acquired them from CAA and had the  right  to  convey  such  rights).

9.   Defendants agree that, in addition to being contempt of this order, any breach of this stipulation will result in irreparable harm to CAA, and, accordingly, agree that injunctive relief is appropriate.  Defendants also agree to pay the reasonable legal fees and costs of the Liquidating Trustee of CAA in successfully obtaining judicial redress for a breach of this stipulation and further agree that damages for the sale of any product in violation of the covenants will be the loss of profit based on CAA's historical margins for such products.

10.   Defendant EMA agrees that it will not employ Jay Portz or otherwise use his services in marketing product until he agrees  to be bound by this  by signing an acceptance of  it.

11.   This Order  shall  terminate and  any obligations  required  pursuant  to  its  terms shall terminate  upon the liquidation of CAA as  confirmed in  writing  by Trustee Phillips or the filing of Trustee Phillips' final  report  with the Court  winding up

{01094218}



the affairs of CAA or by further Order of this Court, whichever shall first occur.

BY THE COURT:

_____ J.

STIPULATED AND AGREED TO:

_____
Eldad Oz for EMA

Date _____

_____
Eldad Oz

Date _____

{D1094218}

Exhibit A

The CAA Molds

| Item # | Description |
|--------|-------------|
| CBS | Collapsible butt stock |
| SST1/2 | Saddle stock |
| MPS | Magazine holder for CBS |
| UFH | 5 position flashlight holder |
| SRS/ARS | Sniper stock |
| UPG16/47 | Rubberized pistol grip |
| MLU556/762 | Magazine loader/unloader |
| ML556 | Magazine loader |
| FGA | Flashlight grip holder |
| PRFCS | Side rail for Buttstock |
| MMC | Magazine dust cover |
| ACP | Adjustable cheek rest |

[01094278]

Exhibit B

**BY COURT ORDER**, EMA is required to make this Flyer available at tradeshows, and to hand it to anyone inquiring about CAA or CAA products.

Due to differences between the CAA owners, the ongoing business of CAA will be sold along with its trademark and other assets by a court appointed trustee and the legal entity will be subsequently liquidated.   However, EMA Tactical is entirely separate and distinct from CAA, is not affiliated with CAA, and is not a successor to CAA.  Accordingly, contrary to any statements that may have previously been made:

- EMA has not purchased CAA molds or any other rights to CAA products
- EMA is not authorized to sell CAA products
- EMA is not authorized to assume existing purchase orders of CAA
- EMA is not authorized to fill existing purchase orders that have been placed with CAA

[01694218]



Exhibit C

On behalf of EMA Tactical, we want to address certain confusion that may have been caused by the advertisement that we, at EMA Tactical, recently placed in this publication. EMA Tactical is a company that is entirely separate and distinct from another company called Command Arms Accessories ("CAA"). EMA Tactical is not affiliated with CAA, and is not an authorized distributor of CAA products. Furthermore, EMA Tactical is not a successor in interest to CAA.

**Contact information for both parties is as follows:**



1208 Branagan Drive, Tullytown, PA 19007
T: 215-949-9944 • F: 215-949-9191
info@ematactical.com • www.ematactical.com

**Command Arms Accessories**

1760 Haunted Land, Bensalem PA 19020
T: 267-803-1911 • F: 267-803-1910
E: info@commandarms.com • www.commandarms.com

[010942j8]

Exhibit D



{01004218}